# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1814V

|  |  |
|---|---|
| WANDA I. RODRIGUEZ,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2023 |

*Brittany S. Cates, Faxon Law Group, New Haven, CT, for Petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 7, 2021 Wanda I. Rodriguez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration after receiving an influenza vaccine on January 18, 2019. Petition, ECF No. 1. On July 19, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,571.78 (representing $16,085.00 in fees plus $486.78 in costs) incurred by Petitioner's attorneys at the Faxon Law Group. Additionally, Petitioner requests a total of $10,223.38 (representing $8,968 in fees plus $1,255.38 in costs) incurred by Petitioner's former counsel, Appleton & Appleton, LLC. Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Aug. 29, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. *Id.* at 37-7.

Respondent reacted to the motion on Sept. 6, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following hourly rates for attorneys performing work in this matter:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| Peter M. Appleton, Esq. | $500 | $500 | $500 | X | X |
| Joel Faxon, Esq. | X | X | $500 | $500 | $500 |
| Brittany S. Cates, Esq. |  | X | $400 | $400 | $400 |
| Paralegals | $150 | $150 | $175 | $175 | $175 |

I find the requested rates for all attorneys at issue excessive, based on consideration of the factors relevant to setting Program rates - the overall legal experience of the attorneys, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[3] I incorporate by reference all of the explanatory notes contained in these rate schedules.

Mr. Peter Appleton, for example, is represented to have been a practicing attorney for approximately 31 years. *See* ECF No. 37-4 at 3. However, Mr. Appleton is not licensed to practice in the Court of Federal Claims. *Id.* at 37-1. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Attorney Appleton must be compensated at non-attorney rates. **I shall instead award Attorney Appleton the lesser rate of $156 per hour for all time billed in the 2019-21 timeframe.** This results in a reduction of the amount of fees to be awarded of **$5,039.60.**[4]

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as: ($500 - $156 = $344 x 14.65 hrs = $5,039.60).

3

Attorney Joel Faxon has been licensed since 1994 (ECF No. 37-1 at 2), placing him in the rage of attorneys with 20-30 years' experience based on the OSM Attorneys' Fee Schedules. However, Mr. Faxon's requested rate of $500 for 2021 exceeds the Schedule's range for comparably-experienced attorneys. Furthermore, according to a decision issued in 2021, Mr. Faxon was previously awarded the rate of $415 per hour for time billed in 2019. *See Lange* v. *Sec'y of Health & Human. Servs.,* No. 19-1287V, slip. op., at *41 (Fed. Cl. Spec. Mstr. Oct. 29, 2021). Even accounting for increases for subsequent years, it is unlikely a $500 rate would be reached for 2021. I will instead (based on my experience applying the factors relevant to determining proper hourly rates for Program attorney) **compensate Mr. Faxon at the *lesser* rate of $460 per hour for his time billed in the 2020-23 timeframe**. This further reduces the amount of fees to be awarded herein by **$180.00**.[5]

Attorney Brittany Cates's requested rate of $400 for her work performed in the 2021-23 timeframe is similarly excessive. Ms. Cates was previously awarded $300 per hour for time billed in 2021. *Lange*, slip. op., at *41. I find no reason to deviate from this prior determination. Additionally, retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "*should only submit billing logs that reflect the hourly rate previously awarded to him*."). Thus, I hereby reduce Ms. Cates' 2021 rate to be consistent with *Lange*. **For time billed in the 2022-23 period, I adopt the lesser rate of $330 per hour.** Application of these reduced rates results in a reduction in the amount of fees to be awarded herein by **$2,568.00**.[6]

For paralegal work, Petitioner requests $175 per hour for the 2021-23 timeframe. ECF No. 37. This rate exceeds the Vaccine Program's published range for paralegals for the 2021 period. I shall instead compensate all paralegal work performed in 2021 at the lesser rate of $170 per hour. This further reduces the amount of fees to be awarded by **$80.50**.[7] For time billed as of 2022-23, however, the requested rate is within range and shall be awarded herein. I otherwise make no adjustments to the hours spent on this matter by attorneys and paralegals.

---

[5] This amount is calculated as ($500 - $460 = $40 x 4.50 hrs = $180.00).

[6] This amount is calculated as ($400 -$300 = $100 x 17 hrs) + ($400 - $330 = $70 x 12.40hrs) = $2,568.00.

[7] This amount is calculated as ($175 - $170 = $5 x 16.10 hrs = $80.50).

Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 37-3 and 37-5. Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$18,927.06** as follows:

- **A lump sum of $13,743.28 representing ($13,256.50 in fees plus $486.78 in costs) in the form of a check jointly payable to Petitioner and Petitioner's counsel of record: Faxon Law Group, LLC; and**

- **A lump sum of $5,183.78 representing ($3,928.40 in fees plus $1,255.38 in costs) in the form of a check jointly payable to Petitioner and Petitioner's former counsel: Appleton & Appleton, LLC.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.